Filed 12/10/24  P. v. K.H. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>K.H.,<br><br>    Defendant and Appellant. | E083622<br><br>(Super.Ct.No. FELSB23000102)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Kawika Smith, Judge.  Dismissed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant K.H. appeals from an order of the San Bernardino Superior Court denying her Penal Code[1] section 2966 petition for release from Patton State Hospital.

## BACKGROUND

K.H. suffers from a bipolar type of schizoaffective disorder, which is complicated by use of alcohol, marijuana, and stimulants. In December 2020, she was convicted of assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)) and sentenced to a two-year term. In July 2022, the Board of Prison Terms determined K.H. met the criteria of a mentally disordered offender coming within section 2962 and, upon her release on parole a month later, she was required to accept treatment through the State Department of State Hospitals as a condition of her parole.

In August 2023, the Board of Parole Hearings found defendant continued to meet the criteria of a section 2962 mentally disordered offender. Defendant then filed a section 2966, subdivision (c) petition for release in which she challenged the Board's findings. At the conclusion of a bench trial, the court denied the petition and defendant timely filed notice of this appeal. We appointed counsel to represent her.

## DISCUSSION

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. The brief includes a request for independent review of the record by this court in keeping

---

[1] All further statutory references are to the Penal Code.

2

with the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 (collectively, the *Wende/Anders* procedures). Upon receipt of the brief, we offered defendant an opportunity to file any supplemental brief deemed necessary. She did not respond to our invitation.

In view of the fact defendant has not raised an arguable issue and because *Wende/Anders* procedures do not apply to post-conviction civil commitments under the California Mentally Disordered Offender Act set forth in sections 2962, et seq. (*People v. Taylor* (2008) 160 Cal.App.4th 304, 312), we will dismiss defendant's appeal.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.